IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDRA PERKINS, PATRICIA ) <br> BERES, JAYME EEMAN, and ) <br> CYNTHIA JOHNSON-LANOHA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE FUNNY BONE COMEDY CLUB ) <br> OF OMAHA, INC., ) <br> ) <br> Defendant. ) | CASE NO.  8:06CV44 <br><br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on the Motion in Limine (Filing No. 118) filed by the Defendant, The Funny Bone Comedy Club of Omaha, Inc. ("Funny Bone").  Funny Bone seeks to prevent the Plaintiffs, Sandra Perkins, Patricia Beres, Jayme Eeman, and Cynthia Johnson-Lanoha ("Plaintiffs"), from using certain evidence at trial: (1) evidence or argument that Plaintiffs suffered damages or are entitled to any compensation for alleged emotional pain, embarrassment, humiliation or stress; (2) evidence or argument regarding monetary damages not previously disclosed; (3) evidence or argument related to statistics concerning the ages of employees hired at Funny Bone; and (4) evidence or argument concerning alleged racial discrimination.

For the reasons that follow, part (1) of the motion will be granted with respect to the presentation of such evidence or argument before the jury, but without prejudice to the Plaintiffs seeking permission to offer such evidence if, in the course of the trial, it appears to be relevant to the issue of mitigation of damages; part (2) of the motion will be denied without prejudice to reassertion during the meeting in chambers immediately preceding trial;  and parts (3) and (4) of the motion will be denied.

## ANALYSIS

**I.   Admissibility of evidence or argument that Plaintiffs suffered damages or are entitled to compensation for emotional pain, embarrassment, humiliation or stress due to Funny Bone's failure to hire or promote them.**

Plaintiffs acknowledge that they cannot receive compensatory damages for emotional pain, embarrassment, humiliation and stress in this action.[1] However, they contend that evidence regarding such emotional distress is relevant because it (1) supports their claim for front pay, (2) explains their inability to mitigate damages, and (3) will assist the jury in understanding the nature of the alleged violation.  The Plaintiffs' first and second arguments merit some discussion.

Front pay is awarded in lieu of reinstatement in extreme cases where an employer has exhibited such hostility that, as a practical matter, a productive and amicable working relationship would be impossible.  *Brooks v Woodline Motor Freight, Inc.*, 852 F.2d 1061, 1066 (8th Cir. 1998)(awarding front pay where there was substantial animosity between the parties, the relationship was not likely to improve, the nature of the business required a high degree of mutual trust and confidence, and the employer said he wished he could choke the former employee and would not let anyone in the area rehire him).

Funny Bone states that there are no barriers to reinstatement of the Plaintiffs if they are successful in their action. Thus, according to Funny Bone, front pay should not be an issue.  The Plaintiffs contend that front pay is an appropriate remedy because it would be impractical for them to return to work for an employer that violated their rights.  Thus,

---

[1] *See Maschka v. Genuine Parts Co.*, 122 F.3d 566, 574 (8th Cir. 1997) (predicting that the Nebraska Supreme Court would hold that damages for emotional distress are not recoverable under the state's anti-age-discrimination law.)

according to the Plaintiffs, testimony regarding their emotional distress will help to demonstrate their inability to return to work, which is relevant to an award of front pay. I conclude that any emotional distress the Plaintiffs allegedly have suffered may have some relevance to the issue of front pay. However, any award of front pay is a matter to be determined by the Court and not the jury. *Excel Corp. v. Bosley*, 165 F.3d 635, 639 (8th Cir. 1999). *See also, Billingsley v. BFM Liquor Mgmt, Inc.*, 613 N.W.2d 91 (Neb. 1995). Therefore, presentation of such evidence before the jury on the issue of front pay is not necessary and may be prejudicial to Funny Bone.

With respect to mitigation, a party harmed by discriminatory employment decisions has an affirmative duty to mitigate damages by seeking and accepting other substantially equivalent employment. *Mathieu v. Gopher News Co.*, 273 F.3d 769, 783-84 (8th Cir. 2001). The employee need not go into another line of work, accept a demotion, or take a demeaning position. *Id.* at 784. A plaintiff's efforts to mitigate need not be successful but must represent an honest effort to find substantially equivalent work. *Id.* If the Plaintiffs were not entirely successful in mitigating their damages, evidence concerning the alleged emotional distress they suffered following Funny Bone's allegedly discriminatory actions may have some relevance to their lack of success. Accordingly, such evidence may be admissible if Funny Bone presents evidence or argument to the effect that the Plaintiffs failed to mitigate their damages. If such evidence of emotional distress is permitted, the jury may be instructed on its limited relevance.

Funny Bone's motion in limine regarding evidence of the Plaintiffs' emotional distress will be granted, without prejudice to the Plaintiffs seeking permission, outside the

hearing of the jury, to offer evidence of emotional distress to rebut any allegations that they failed to mitigate their damages.

**II.     Exclusion of evidence or argument regarding monetary damages not previously disclosed.**

The Pretrial Order (Filing No. 126) lists the controverted and unresolved issues in this case, including the issues of monetary damages allegedly suffered by each Plaintiff. Because the Plaintiffs allege that Funny Bone failed to hire or re-hire them, much of the information concerning a calculation of each Plaintiff's monetary damages is within Funny Bone's own realm of knowledge. The Plaintiffs contend that they made available to Funny Bone information concerning mitigation of damages by providing copies of their income tax returns. Funny Bone's motion in limine with respect to this evidence of damages is denied without prejudice to reassertion at the meeting in chambers immediately prior to trial. At that time, the Court will hear argument regarding what specific information or evidence Funny Bone contends that the Plaintiffs failed to disclose, and how Funny Bone has been prejudiced by any such failure.

**III.    Exclusion of evidence or argument regarding statistical information concerning the ages of employees hired at Funny Bone.**

Funny Bone states that it expects Plaintiffs to introduce statistical evidence that will show that none of the servers hired by the Funny Bone from 2004 to 2005 was over age 28. Funny Bone argues that the evidence does not account for essential information regarding "(1) the age of the available labor market in Omaha for server positions at the Funny Bone in Village Pointe during this time frame; (2) the age of each applicant who applied, was interviewed and qualified for a server position at Funny Bone during this time frame; and

(3) the ages of nine servers who were hired by Funny Bone during this time frame." (Filing No. 118, page 5).

Evidence regarding the ages of the employees hired by Funny Bone is relevant. Assuming proper foundation is shown, such evidence is admissible. Funny Bone's arguments concerning the probative value of the evidence are matters best addressed on cross-examination or through the production of supplementary evidence. Funny Bone's motion in limine with respect to such evidence is denied.

**IV.    Exclusion of evidence or argument of alleged racial discrimination.**

Funny Bone argues that evidence of alleged racial discrimination by Funny Bone is irrelevant and unfairly prejudicial. This argument in the motion in limine was presented before Funny Bone's motion to consolidate was granted, consolidating the trial of this case with that of *Darryl Keys v. Funny Bone*, 8:06cv47. In *Keys*, the Plaintiff alleges that Funny Bone engaged in racial discrimination. (*Id.*, Complaint, Filing No. 1). Accordingly, Funny Bone's motion in limine to exclude evidence of alleged racial discrimination is denied.

For these reasons,

IT IS ORDERED:

The Motion in Limine filed by Defendant The Funny Bone Comedy Club of Omaha, Inc. (Filing No. 118) is granted in part and denied in part, as follows:

1. The motion is granted with respect to evidence of the Plaintiffs' emotional distress offered in the presence of the jury, without prejudice to the Plaintiffs seeking permission to offer such evidence in rebuttal of the Defendant's claims that Plaintiffs failed to mitigate their damages;

2. The motion is denied with respect to evidence of the Plaintiffs' monetary damages, without prejudice to the Defendant reasserting its motion at the meeting in chambers immediately prior to trial;

3. The motion is denied with respect to statistical evidence concerning ages of employees hired by Defendant; and

4. The motion is denied with respect to evidence of racial discrimination.

Dated this 24th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge